UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| John Hamre, | Case No. 19-cv-2641 (WMW/LIB) |
| Plaintiff, | |
| | **ORDER** |
| v. | |
| Brian Melton et al., | |
| Defendants. | |

---

This matter is before the Court on the January 24, 2020 Report and Recommendation (R&R) of United States Magistrate Judge Leo I. Brisbois. (Dkt. 9.) For the reasons addressed below, the Court rejects the R&R.

## BACKGROUND

Plaintiff John Hamre filed his complaint on October 2, 2019, and, in lieu of paying the initial filing fee, filed an application seeking leave to proceed *in forma pauperis* (IFP). Because Hamre is in state custody in connection with criminal charges against him, his IFP application is subject to the requirements of 28 U.S.C. § 1915(b). The statute provides:

> (1) Notwithstanding subsection (a), if a prisoner brings a civil action . . . in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of—
>
> > (A) the average monthly deposits to the prisoner's account; or

>> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint . . . .
>
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.
>
> (3) In no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action . . . .
>
> (4) In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.

28 U.S.C. § 1915(b).

According to Section 1915(b), which was amended as part of the Prison Litigation Reform Act of 1995 (PLRA), prisoners who are granted IFP status are *not* excused from paying the court filing fee altogether, as is the case with non-prisoner IFP litigants.  Instead, a prisoner who is granted IFP status merely is granted permission to pay the filing fee in installments.  *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) ("The purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time.")

Hamre's prison trust account statement certifies that in the six-month period immediately preceding the filing of the complaint, the average amount of the monthly

2

deposits into Hamre's account was $60.83 and the average monthly balance in Hamre's account was $35.55. Because Hamre's average deposit is greater than the balance amount, Hamre's initial partial filing fee in this case, under the formula prescribed by 28 U.S.C. § 1915(b)(1), is 20 percent of $60.83, which amounts to $12.17.

On November 13, 2019, the magistrate judge ordered Hamre to pay an initial partial filing fee of at least $12.17 within thirty days. The magistrate judge noted that, should Hamre fail to pay the initial filing fee, the magistrate judge would recommend dismissal of this action without prejudice for failure to prosecute. On January 24, 2020, the magistrate judge issued the pending R&R recommending that this action be dismissed without prejudice for failure to prosecute and for failure to comply with the November 13, 2019 order. The R&R further recommends that Hamre's application to proceed IFP be denied as moot. Hamre objects to the R&R, arguing that he "could not come up with the $12.17 needed to move forward with the case" and that, even if he had the money, the jail would not allow him to pay it.

## ANALYSIS

Under 28 U.S.C. § 1915(b)(1), the "court shall assess and, *when funds exist*, collect as a partial payment of any court fees required by law, an initial partial filing fee." (Emphasis added). Furthermore, Section 1915(b)(4) provides that in "no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." The plain language of this statute, while requiring a district court to *assess* an initial partial filing fee, prohibits

a district court from dismissing an IFP prisoner's case when the failure to pay is due to the lack of funds available.

Hamre's trust account statement, which reflects $365 total in deposits for the six months preceding his filing of the complaint, arguably belies his contention that he has no money to pay his initial partial filing fee. But, despite having $21.38 in Hamre's account when his certified prison trust account statement was prepared on August 20, 2019, it is conceivable that Hamre did not have the means to pay his initial partial filing fee when it was assessed on November 13, 2019. In *Taylor v. Delatoore*, the IFP prisoner's account balance resulted in the assessment of an initial fee, but it was undisputed that he lacked funds to pay the initial fee at the time payment was ordered. 281 F.3d 844, 850 (9th Cir. 2002). The United States Court of Appeals for the Ninth Circuit held that, under these circumstances, the district court abused its discretion by dismissing the action for failure to prosecute. *Id.*

Before dismissing a complaint for failure to pay an initial partial filing fee, the district court must ascertain whether the plaintiff has attempted to comply with the fee order. *Wilson v. Sargent*, 313 F.3d 1315, 1321–22 (11th Cir. 2002); *Hatchet v. Nettles*, 201 F.3d 651, 652–54 (5th Cir. 2000) (explaining that it is an abuse of discretion to dismiss an action for failure to comply with an initial partial filing fee order without making some inquiry regarding whether the prisoner has complied with the order by submitting any required consent form within the time allowed). As explained in *Cosby v. Meadors*, the district court ordinarily should take reasonable steps to ascertain whether the prisoner attempted to comply with the fee order by authorizing prison officials to withdraw required

4

payments.  351 F.3d 1324, 1331 (10th Cir. 2003).  Such steps may include allowing objections to the magistrate judge's report, issuing a show-cause order, communicating with officials of the custodial institution, issuing an order to the custodial institution, or using any other method designed to obtain the relevant information.  *Hatchet*, 201 F.3d at 654.

Although Hamre was given thirty days to pay his initial partial filing fee, the magistrate judge never inquired into why Hamre failed to pay it.  As the Eleventh Circuit observed in *Wilson*, imprisoned plaintiffs may face several obstacles to paying an initial partial filing fee:

> We recognize that an imprisoned plaintiff cannot pay his fee simply by writing and mailing a check to the clerk of court.  Rather, the prisoner must authorize prison officials to withdraw and pay funds from his or her account; the account must contain the required funds; and the prison officials must timely process the withdrawals and payments.  Thus, a prisoner's failure to pay his filing fee may be caused by circumstances beyond his control, in which case his complaint should not be dismissed.

313 F.3d at 1320–21.  Because the record does not reflect whether Hamre's failure to pay his initial partial filing fee is attributable to circumstances beyond his control, dismissal of Hamre's case is premature.  For Hamre's case to proceed, however, he must make some showing that he has attempted to comply with the initial partial fee order by authorizing prison officials to withdraw the required payment.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that the January 24, 2020 R&R, (Dkt. 9), is **REJECTED**.

Hamre must advise the Court within ninety days of this Order of any efforts to comply with the initial partial fee order.  Hamre's failure to do so will result in dismissal.


Dated:  June 4, 2020                                                                  s/Wilhelmina M. Wright
                                                                                         Wilhelmina M. Wright
                                                                                         United States District Judge